UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTHONY L. OATS,

        Plaintiff,

v.                                                         Case No.  5:06-cv-57-Oc-10GRJ

MATTHEW W. EDMONDS, et al.,

        Defendants.
_____

**ORDER OF DISMISSAL**

Plaintiff initiated this *pro se* action by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a Motion for leave to proceed as a pauper (Doc. 2).  Plaintiff presently is incarcerated at Marion County Jail.  The Complaint seeks unspecified relief in connection with Plaintiff's July 2004 arrest by the Ocala Police Department, and Plaintiff contends that he has been charged with battery in connection with the arrest.

Pursuant to the Prison Litigation and Reform Act (PLRA), the Court is required to dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1]  The Court must liberally construe a

---

[1] See 28 U.S.C. § 1915(e)(2).

*pro se* Plaintiff's allegations.[2]

The Court concludes that this case must be dismissed without prejudice. In Heck v. Humphrey,[3] the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

Heck, 512 U.S. at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

In this case, although Plaintiff does not expressly request monetary damages he asks this Court to "clear up" the circumstances surrounding his arrest. It is thus clear that a decision favorable to the Plaintiff would necessarily imply the invalidity of his present incarceration on pending battery charges. Plaintiff has not shown that the basis for his present incarceration has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a

---

[2] Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

[3] 512 U.S. 477 (1994).

determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, at this time, Plaintiff has no chance of success on the merits of his § 1983 claims.

## Conclusion

For the reasons stated herein, this case is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 8th day of March 2006.

_____
UNITED STATES DISTRICT JUDGE

c: Anthony L. Oats